UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BreAndre McFANN** | **CIVIL ACTION NO. 3:11-cv-0575** |
| **LA. DOC #549994** | |
| VS. | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **LOUISIANA STATE POLICE,** | |
| **ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

    *Pro se* plaintiff BreAndre McFann, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 8, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the River Bend Corrections Center, Lake Providence, Louisiana; however, he complained that he was the victim of an unreasonable search and seizure in violation of the Fourth Amendment by officers of the Louisiana State Police on June 9, 2009. He sued the law enforcement officers involved in the search (TFC Sears, TFC Nash, Lt. Oliphant, Sgt. Porter, and Trooper Pierrelee) and prayed for compensatory, nominal, and punitive damages totaling $4,000,000. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

    Plaintiff articulated his complaint as follows –

On 06/09/2009, the Louisiana State Police officers did constructively conspire together with deliberate intent by making an illegal search and seizure that violates the constitutional rights of plaintiff to be protected against all unreasonable searches and seizures; secured by the Constitution of both the State and the United States of America. Therefore, when the police officers banded together intentionally affecting

an illegal search and seizure on Plaintiff, BreAndre McFann's person, without a search warrant and without any exigent circumstances or consent, or probable cause before conducting the search, is a direct violation of the Fourth and Fourteenth Amendment of the United States Constitution and the Equal Protection Clause by the invading of privacy of Plaintiff by infringing on his personal liberties. [Doc. 5-1, p. 1]

In support of his claim he alleged the following facts –

Hereon said date [June 6, 2009] plaintiff was at the Swan Lake Apartment complex where he was affected by an illegal detention that led to an illegal search and seizure. Accordingly, he was walking through said apartment complex where officers TFC Shane Sears, Sgt. John Porter, Doug Pierrelee and Sgt. Sean Joyner then approached him with their weapons at bay. Upon the initial approached [sic] Plaintiff was order [sic] to place his hands on the state police unit (G-43). Hereafter, plaintiff obeyed the order of the officers and placed his hand on said unit. Said officers asked then Plaintiff was he Michael Lewis., Plaintiff replied 'No' I have my ID in my pocket. The officers retrieved plaintiff [sic] identification from his pocket that revealed that he was not Michael Lewis. Thereafter both officers left plaintiff in custody with officer Doug Pierrelee for several minutes. Pierrelee then searched plaintiff's person without articulated facts that he was or has been involved in criminal activity. [*Id.*, p. 2]

He concluded by praying "... for monetary damages and nominal damages of $3,000,000.00 from the defendants for the invasion of privacy in addition another $1,000,000.00 from the defendants for the mental distress for the malicious act that was inflicted upon plaintiff by the defendants infringing on his personal liberties..." [*Id.*, p. 9]

### *Law and Analysis*

### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). Nevertheless, in order to be afforded the benefits of this assumption, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); see also *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff has alleged specific facts in support of his claim for relief and has specifically alleged the basis of his claim for relief. Further amendment would serve no useful purpose.

3

*2. Limitations*

The district court is authorized to dismiss a claim as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See*, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff claims that on June 9, 2009, the defendant Police officers conspired together and made an illegal search and seizure of the plaintiff's person thus violating plaintiff's constitutional rights to be protected against all unreasonable searches and seizures. On that date plaintiff had knowledge of all the facts necessary to know that his rights were violated.[1] In other words, plaintiff's

---

[1] Plaintiff's Fourth Amendment rights were violated at the moment the defendants detained him and conducted their allegedly unlawful search, and therefore the cause of action accrued at that precise moment. *Compare Wallace v. Kato*, 549 U.S. 384, 390 at fn. 3 (2007).

claim accrued on June 9, 2009.

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Since plaintiff's claim accrued on June 9, 2009, he had 1-year, or until June 9, 2010, to file suit. Plaintiff's complaint was filed in April 2011, clearly beyond the 1-year period of limitations, and therefore is subject to dismissal as frivolous.

### 3. Equitable Tolling

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998). However, nothing herein suggests that this plaintiff is entitled to equitable tolling of the limitations period. Lack of knowledge about the law does not justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling).

Based on the evidence currently available, plaintiff is not entitled to the benefits of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000) (discussing the availability of equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations). See also *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief...").

Plaintiff is incarcerated; however, that fact alone does not support a claim for equitable tolling.

*Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana July 25, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE